

# NUMBER 13-21-00216-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RYAN ROBERT SESSIONS,                                  Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Ryan Robert Sessions appeals from a judgment revoking his community supervision and adjudicating him guilty of possession of a controlled substance in penalty group one, in the amount of less than a gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). The trial court sentenced Sessions to two years' incarceration and ordered him to pay a $500 fine and $180 in restitution. *See* TEX. PENAL

CODE ANN. § 12.35(a)–(b). Sessions's court-appointed appellate counsel filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm as modified.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Sessions's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Sessions's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Sessions's counsel also informed this Court in writing that he: (1) notified Sessions that counsel filed an *Anders* brief and a motion to withdraw; (2) provided Sessions with copies of both pleadings; (3) informed Sessions of his right to file a pro se response, to review the record prior to filing a response, and to

2

seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided Sessions with a form motion for pro se access to the appellate record with instructions to sign and file the motion with the court of appeals within ten days by mailing it to the address provided. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Sessions requested access to the appellate record, and pursuant to our order, the trial court clerk has provided written verification to this Court that the appellate record was provided to Sessions. *See Kelly*, 436 S.W.3d at 321. An adequate amount of time has passed, and Sessions has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed counsel's brief and the entire record, and we have found nothing that would support a finding of reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

We note, though, that there appear to be two clerical errors in the trial court's judgment adjudicating guilt. The record reflects that Sessions pleaded not true to the allegations raised in the State's motion to adjudicate guilt and that, though Sessions entered into a plea bargain at the time he initially pleaded guilty and was sentenced to

3

community supervision, the trial court's sentence upon adjudication was not the result of a plea bargain. However, the judgment indicates that he pleaded "TRUE" and lists the "Terms of the Plea Bargain" as two years community supervision and payment of a $500 fine and $180 in restitution. We have the authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck). Accordingly, the trial court's judgment will be modified to (1) add "NOT" before "TRUE" in the portion of the judgment addressing Sessions's plea to the allegations in the motion to adjudicate, and (2) alter the "Terms of the Plea Bargain" section to state "NO PLEA BARGAIN."

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Sessions's counsel asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Sessions and to advise him of his right to file a petition for discretionary review.[1] *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206

---

[1] No substitute counsel will be appointed. If Sessions seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* Tex. R. App. P. 68.2. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

4

S.W.3d 670, 673 (Tex. Crim. App. 2006).

#### IV.   CONCLUSION

We affirm the trial court's judgment as modified.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
24th day of February, 2022.